PER CURIAM.
This cause is before the court upon a petition for certiorari which seeks to review an interlocutory order in a common law action dismissing a complaint with leave to amend.
Generally, interlocutory orders in common law actions are not reviewable by certiorari unless it clearly appears that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner, such as where the lower court acts without and in excess of its jurisdiction, or the order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal would be inadequate. See Brooks v. Owens, Fla.1957, 97 So.2d 693, and cases cited therein. Likewise, under Florida Appellate Rule 4.2(a), 31 F.S.A., review of interlocutory orders in common law actions is restricted to those “ * * * relating to venue or jurisdiction over the person ;{í * * »
*49 We next consider whether or not the order sought to be reviewed here falls within the exceptions to the general rule set out hereinabove. In Estes v. Moylan, Fla.1957, 94 So.2d 362, the Supreme Court of Florida reversed a summary judgment favorable to Moylan resulting from a suit on a written contract to pay a real estate broker’s commission. The reversal was without prejudice to Moylan’s rights to sue on an implied contract. Subsequently, Moylan amended his complaint seeking recovery upon an implied contract. Upon this amended complaint summary judgment was entered for Mrs. Estes on the theory that no recovery could be had upon the implied contract. In Moylan v. Estes, Fla.App.1958, 102 So.2d 855, the summary judgment was reversed and the cause was remanded for further proceedings not inconsistent with the views expressed in the opinion. On a remand of the cause, the trial court granted respondent’s motion to dismiss the complaint but with leave to amend.
The petitioner now seeks a review by certiorari of the order of dismissal upon the basic grounds that the trial court, in granting the motion to dismiss the complaint, departed from the essential requirements of the law and the opinion of this court in Moylan v. Estes, Fla.App.1958, 102 So.2d 855.
We conclude that the order here sought to be reviewed falls within the exceptions to the general rule and as such may be reviewed by certiorari. The opinion of this court in a prior review by appeal clearly rejected the trial court’s holding that no recovery could be had under an implied contract. Consequently, the subsequent dismissal of the petitioner’s complaint impliedly, if not directly, contravened the law of the case as established in the prior appeal and was inconsistent therewith. See Hodges v. Logan, Fla.1955, 82 So.2d 855; Berger v. Leposky, Fla.1958, 103 So.2d 628. We further conclude that the questioned order should be quashed and the respondent required to answer the complaint within a reasonable time to be fixed by the trial judge.
Accordingly, the petition for certiorari is granted and the order sought to be reviewed is quashed.
Certiorari granted.
HORTON, Acting Chief Judge, PEARSON, J., and CRAWFORD, GRADY L., Associate Judge, concur.