309 So.2d 229 (1975)
L.E. HAMILTON, Jr., Appellant,
v.
Richard W. HANKS and Hamilton Realty, Appellees.
No. 74-899.
District Court of Appeal of Florida, Fourth District.
March 7, 1975.
W. Stewart Gilman of Adams Gilman & Cooper, Winter Park, for appellant.
Arthur J. Ranson, III of Turnbull Abner & Daniels, Winter Park, for appellee, Hanks.
*230 MAGER, Judge.
An interlocutory appeal was filed by L.E. Hamilton, Jr., appellant-defendant, from orders denying his Motion to Dissolve Writ of Garnishment and Motion for Rehearing. The order denying the motion to dissolve was rendered on May 3, 1974; the order on rehearing was rendered on June 5, 1974; and the notice of appeal was filed on July 3, 1974, some 61 days after the order denying dissolution.[1]
From an examination of the order under review and consideration of the briefs and applicable authorities we are of the opinion that the instant appeal is untimely and should be dismissed. An order denying a motion to dissolve writ of garnishment is an interlocutory order (rather than a final order). Therefore, a motion to rehear the order denying the motion to dissolve did not operate to toll the time within which to file an interlocutory appeal. Wagner v. Bieley, Wagner and Associates, Inc., Fla. 1972, 263 So.2d 1.
In Pleasant Valley Farms & Morey Condensery Co. v. Carl, 90 Fla. 420, 106 So. 427 (1925), the Supreme Court discussed garnishment proceedings and commented upon the nature of an order dissolving a writ of garnishment before judgment. The court concluded that an order dissolving a writ of garnishment is such a final order as to be subject to a plenary appeal. The court reasoned that the order dissolving the garnishment was conclusive as to its object and that a plaintiff could not be restored to whatever rights he may have had under the garnishment if the order dissolving it would have to await reviewal of the judgment in the main cause.
A material distinction needs to be drawn between an order dissolving garnishment, as in the Pleasant Valley case, and the order denying a motion to dissolve such writ as in the instant case. An order denying a motion to dissolve cannot be deemed to be of such a final character as to "effectually and conclusively" destroy any right of the movant that might not otherwise be reviewable in an appeal from the judgment of the main cause. The purpose of a garnishment proceeding is to subrogate the plaintiff to the defendant's right against the garnishee; the plaintiff obtains by the garnishment the right to have the debt owed by the garnishee to the defendant paid by the garnishee upon the plaintiff's judgment against the defendant.
Obviously, if no judgment is entered against the defendant in the main cause, the propriety of the court's prior order denying a defendant's motion to dissolve becomes moot. On the other hand, if a judgment is entered against a defendant, a plenary appeal from the final judgment would bring up for review the propriety of the order denying a motion to dismiss a writ of garnishment (if properly assigned as error).
Concluding as we do that an order denying a motion to dissolve a writ of garnishment is an interlocutory order we would make one additional observation quite apart from the issue of timeliness. Unless an interlocutory order falls within the category of orders set forth in Rule 4.2, F.A.R., an appellate court would not be permitted to entertain an interlocutory appeal in an action at law (except by common law certiorari). See Girten v. Bouvier, Fla.App. 1963, 155 So.2d 745; see also Mapoles v. Wilson, Fla.App. 1960, 122 So.2d 249; cf. Moylan v. Estes, Fla.App. 1959, 110 So.2d 48; Renard v. Krikeby Hotels, Fla.App. 1958, 99 So.2d 719. The briefs reflect that the main action was a civil action seeking to collect payment for services rendered. Garnishment, while ancillary to the main cause of action, is generally regarded as a legal rather than an equitable proceeding. 3 Fla.Jur., Attachments and *231 Garnishments, sec. 3. A review of Rule 4.2 reflects that an order denying a motion to dissolve a writ of garnishment is not listed as one of the categorized orders subject to an interlocutory appeal.
Accordingly, for the foregoing reasons the interlocutory appeal is dismissed without prejudice to the defendant seeking further review of the order in an appeal from an adverse final judgment entered in the main cause.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] At the court's request, additional briefs were submitted by the parties directed to the nature of the order under review, i.e., interlocutory or final, and the issue of timeliness.