ON MOTION TO DISMISS

PER CURIAM.
Appellees’ motion to dismiss, for lack of appellate court jurisdiction to review a trial court order denying a motion to dissolve a pre-judgment writ of garnishment, is denied. In the underlying action, Capital Bank alleges that Appellants are indebted to the bank. A prejudgment writ froze the Appellants’ operating account. Appellees assert that the order is not an authorized non-final appeal under Florida Rule of Appellate Procedure 9.130. However, we conclude that jurisdiction at minimum, exists under rule 9.130(a)(3)(C)(ii), as an order determining the immediate possession of property. See Barbouti v. Lysandrou, 559 So.2d 648 (Fla. 3d DCA 1990) (appeal of order denying motion to dissolve prejudgment writ of garnishment freezing bank account); Cerna v. Swiss Bank Corp. (Overseas) SA., 503 So.2d 1297 (Fla. 3d DCA) (non-final appeal of order denying motion to dissolve pre-judgment writ of attachment and garnishment of bank and stockholder accounts), rev. denied, 513 So.2d *1038 1060, 1063 (Fla.1987); Transportes Aereos Mercantiles Panamericanos, S.A. v. Banco Cafetero, 451 So.2d 932 (Fla. 3d DCA 1984) (appeal of denial of motion to dissolve writs of attachment and garnishment).
We recognize that in Hamilton v. Hanks, 309 So.2d 229 (Fla. 4th DCA 1975) this court held that a similar order was not an appeal-able non-final order. However, Hamilton is not controlling because it was decided under former Florida Rule of Appellate Procedure 4.2 which did not include a provision for review of orders determining the right to immediate possession of property. That section was added in the 1977 revision of the rules.
We acknowledge possible conflict with Ramseyer v. Williamson, 639 So.2d 205 (Fla. 5th DCA 1994), in which the court dismissed an appeal of a denial of a motion to dissolve a writ of garnishment because the order was not an appealable non-final order under rule 9.130.
Having resolved that there is jurisdiction for a non-final appeal, we need not consider the alternative of treating the appeal as a petition for writ of certiorari.
GLICKSTEIN, STONE and PARIENTE, JJ., concur.