QUINCE, C.J.,
concurring in part and dissenting in part.
I agree with the majority’s adoption of changes to all of the rules discussed with the exception of the changes to rule 9.310(b)(2) and rule 9.190(e)(1),[3] Florida Rules of Appellate Procedure. Rule 9.310(b)(2) presently provides for an automatic stay when the state, any public officer, board, commission, or other public body timely seeks appellate review.[4] The change espoused by the majority will eliminate the automatic stay in eases involving the Administrative Procedure Act. I do not believe that the committee has advanced a good reason for treating public entities involved in administrative cases differently from other public entities. Therefore, I would leave the rule as it presently stands.
APPENDIX
RULE 9.010. EFFECTIVE DATE AND SCOPE
These rules, cited as “Florida Rules of Appellate Procedure,” and abbreviated “Fla. R.App. P.,” shall take effect at 12:01 a.m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in the supreme court, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c); provided that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending in accordance with the Florida Appellate Rules, 1962 Amendment. These rules shall supersede all conflicting statutes and, as provided in Florida Rule of Judicial Administration 2.-135130, all conflicting rules of procedure.
Committee Notes
[No Change]
RULE 9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS AND SPECIFIED FINAL ORDERS
(a) Applicability.
(l)-(2) [No change]
(3) Appeals to the district courts of appeal of non-final orders are limited to those that
(A)-(B) [No Change]
(C) determine
(i) [No change];
(ii) the right to immediate possession of property;, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of re-plevin, garnishment, or attachment;
(iii) [No change];
(iv) the entitlement of a party to arbitration;, or to an appraisal under an insurance policy;
(v)-(viii) [No change]
(D) [No change]
(4) [No change]
(5) Orders entered on motions filed under Florida-Rule-of-Civil -Procedure 1.540, Small Claims-Rule -7.190, Rule of Juvenile ■Procedure -8.270, and Florida Family Law ■Rule-of-Procedure 12.540 an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule. Motions for rehearing directed to these orders will not toll the time for filing a notice of appeal.
*93 (6) [No change]
(b)-(h) [No change]
Committee Notes
1977 Amendment. [No change]
1992 Amendment. [No change]
1996 Amendment. [No change]
2000 Amendment. [No Change]
2008 Amendment._Subdivision 9.130(a)(3)(C)(ii) was amended to address a conflict in the case law concerning whether orders granting, modifying, dissolving, or refusing to grant, modify, or dissolve garnishments are appealable under this subdivision. Compare Ramseyer v. Williamson, 639 So.2d 205 (Fla. 5th DCA 1994) (garnishment order not appealable), with 5361 N. Dixie Highway v. Capital Bank, 658 So.2d 1037 (Fla. 4th DCA 1995) (permitting appeal from garnishment order and acknowledging conflict). The amendment is not intended to limit or expand the scope of matters covered under this rule. In that vein, replevin and attachment were included as examples of similar writs covered by this rule.
Subdivision (a)(3)(C)(iv) has been amended to clarify that nonfinal orders determining a party’s entitlement to an appraisal under an insurance policy are added to the category of nonfinal orders appealable to the district courts of appeal.
Subdivision 9.130(a)(5) is intended to authorize appeals from orders entered on motions for relief from judgment that are specifically contemplated by a specific rule of procedure (e.g., the current versions of Florida Rule of Civil Procedure 1.540, Small Claims Rule 7.190, Florida Family Law Rule of Procedure 12.540, and Florida Rule of Juvenile Procedure 8.150 and 8.270).
Subdivision (a)(5) has been amended to recognize the unique nature of the orders listed in this subdivision and to codify the holdings of all of Florida’s district courts of appeal on this subject. The amendment also clarifies that motions for rehearing directed to these particular types of orders are unauthorized and will not toll the time for filing a notice of appeal.
RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a)-(b) [No change]
(c) Appeals by the State.
(l)-(2) [No change]
(3) Commencement. The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(l)(JK), the state’s notice of cross-appeal shall be filed within 10 days of service of defendant’s notice or service of an order on a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
(d)-(i) [No change]
Committee Notes
[No change]
Court Commentary
[No change]
Rule 9.190. Judicial Review of Administrative Action
(a)-(d) [No change]
(e) Stays Pending Review.
(1) Effect of Initiating Review. The filing of a notice of administrative appeal or a petition seeking review of administrative action shall not operate as a stay, except that such filing shall give rise to an automatic stay as provided in rule *94 9.310(b)(2) or chapter 120, Florida Statutes, or when timely review is sought of an award by an administrative law judge on a claim for birth-related neurological injuries.
(2)-(4) [No change]
Committee Notes
[No change]
RULE 9.200. THE RECORD
(a) Contents.
(l)-(2) [No change]
(3) Within 10 days of filing the notice of appeal, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed by rule 9.900(fg). If the clerk is directed to transmit less than the entire record or a transcript of trial with less than all of the testimony, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
(4) [No change]
(b)-(g) [No change]
Committee Notes
[No change]
RULE 9.210. BRIEFS
(a) Generally. In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any one proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:
(l)-(4) [No change]
(5) The initial and answer briefs shall not exceed 50 pages in length, provided that if a cross-appeal has been filed, the answer briefiinitial brief on cross-appeal shall not exceed 85 pages. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed, the reply brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee/cross-appellant’s brief. Cross-reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 10 pages. The tables of contents and the citations of authorities, and certificates of service and compliance, shall be excluded from the computation. Longer briefs may be permitted by the court.
(b)-(h) [No change]
Committee Notes
[No change]
Court Commentary
[No change]
RULE 9.310. STAY PENDING REVIEW
(a) [No change]
(b) Exceptions.
(1) [No change]
(2) Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, in administrative actions under the Administrative Procedure Act, or as otherwise provided by chapter 120, Florida Statutes, when the state, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay shall exist for 48 hours after the fifing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
(c)-(f) [No change]
*95 Committee Notes
[No change]
RULE 9.330. REHEARING; CLARIFICATION; CERTIFICATION
(a)-(c) [No change]
(d) Exception; Review of District Court Decisions. No motion for rehearing or clarification may be filed in the supreme court addressed-toing:
(1) the dismissal of an appeal that attempts to invoke the court’s mandatory jurisdiction under rule 9.030(a)(l)(A)(ii) when the appeal seeks to review a decision of a district court of appeal without opinion, or
(2) the grant or denial of a request for the court to exercise its discretion to review a decision described in rule 9.í20030(a)(2)(A), or addressed to
(3) the dismissal of a petition for an extraordinary writ described in rule 9.4QQ(a)030(a)(3) when such writ is used to seek review of a district court decision without opinion.
Committee Notes
1977 Amendment. [No change]
2000 Amendment. [No change]
2002 Amendment. [No change]
2008 Amendment. Subdivision (d) has been amended to reflect the holding in Jackson v. State, 926 So.2d 1262 (Fla.2006).
RULE 9.370. AMICUS CURIAE
(a)-(c) [No change]
(d) Notice of Intent to File Amicus Brief in Supreme Court. When a party has invoked the discretionary jurisdiction of the supreme court, an amicus curiae may file a notice with the court indicating its intent to seek leave to file an amicus brief on the merits should the court accept jurisdiction. The notice shall state briefly why the case is of interest to the amicus curiae, but shall not contain argument. The body of the notice shall not exceed one page.
Committee Notes
1977 Amendment. [No change]
2008 Amendment. Subdivision (d) was added to establish a procedure for an ami-cus curiae to expeditiously inform the supreme court of its intent to seek leave to file an amicus brief on the merits should the court accept jurisdiction. This rule imposes no obligation on the supreme court to delay its determination of jurisdiction. Thus, an amicus curiae should file its notice as soon as possible after the filing of the notice to invoke the discretionary jurisdiction of the supreme court. The filing of a notice under subdivision (d) is optional and shall not relieve an amicus curiae from compliance with the provisions of subdivision (a) of this rule if the court accepts jurisdiction.
RULE 9.430. PROCEEDINGS BY INDIGENTS
(a) Motion — and AffidavitAppeals. A party who has the right to seek review by appeal without payment of costs shall, unless the court directs otherwise, file a signed application for determination of indigent status with the clerk ofmotion-in the lower tribunal, using an application form approved by the Supreme Court for use by circuit court clerks.with an affidavit showing the party’s-inabiliby either to pay fees-and-costs or to give security therefor-For review-by-or-iginal proceedings under-r-ule-9-lQO, unless the court directs otherwise, the party shall file the motion-and affidavit with the court. — If The-motion-is granted,- the-party — may—proceed without further application to the court-and-without either - the-prepayment-of fees or costs in the lower tribunal- or-coui-t-oi-the giving of-aeeurity therefor. The clerk of the low *96 er tribunal’s Rreasons for denying the me-tienapplication shall be stated in writing and are reviewable by the lower tribunal. Review of decisions by the lower tribunal shall be by motion filed in the court.
(b) Original Proceedings. A party who seeks review by an original proceeding under rule 9.100 without the payment of costs shall, unless the court directs otherwise, file with the court a motion to proceed in forma pauperis. If the motion is granted, the party may proceed without further application to the court.
(be) Incarcerated Parties.
(1) Presumptions. In the absence of evidence to the contrary, an appellate court may, in its discretion, presume that
(A) assertions in an affidav-itapplication for determination of indigent status filed by an incarcerated party under this rule are true, and
(B) in cases involving criminal or collateral criminal proceedings, an incarcerated party who has been declared indigent for purposes of proceedings in the lower tribunal remains indigent.
(2) Non-Criminal Proceedings. Except in cases involving criminal or collateral proceedings, a ■ motion and affidavitan application for determination of indigent status filed under this rule by a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing shall contain substantially the same information as required by rule Q»9Q0(-i)an application form approved by the Supreme Court for use by circuit court clerks. The determination of whether the case involves an appeal from an original criminal or collateral proceeding depends on the substance of the issues raised and not on the form or title of the petition or complaint. In these non-criminal cases, the court mayclerk of the lower tribunal shall require the party to make a partial prepayment of court costs or fees and to make continued partial payments until the full amount is paid.
Committee Notes
1977 Adoption. [No change]
2008 Amendment. Subdivision (b) was created to differentiate the treatment of original proceedings from appeals under this rule. Each subdivision was further amended to comply with statutory amendments to section 27.52, Florida Statutes, the legislature’s enactment of section 57.082, Florida Statutes, and the Florida Supreme Court’s opinion in In re Approval of Application for Determination of Indigent Status Forms for Use by Clerks, 910 So.2d 194 (Fla.2005).
RULE 9.600. JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW
(a)-(c) [No Change]
(d) Criminal Cases. The lower tribunal shall retain jurisdiction to consider motions pursuant to Florida Rules of Criminal Procedure 3.800(b)(2) and in conjunction with post-trial release pursuant to rule 9.140(gh).
Committee Notes
[No Change]
RULE 9.800. UNIFORM CITATION SYSTEM
This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.
(a)-(h) [No Change]
*97 (i) Florida Rules.
Fla. R. Civ. P. 1.180.
Fla. R. Jud. Admin. 2.085110.
Fla. R.Crim. P. 3.850.
Fla. R. Work. Comp. P. 4.113.
Fla. Prob. R. 5.120.
Fla. R. Traf. Ct. 6.165.
Fla. Sm. Cl. R. 7.070.
Fla. R. Juv. P. 8.070.
Fla. R.App. P. 9.100.
Fla. R. Med. 10.100.
Fla. R. Arb. 11.010.
Fla. Fam. L.R.P. 12.010.
Fla. Admin. Code R. 62D-2.014.
R. Regulating Fla. Bar 4-1.10.
Fla. Bar Found. By-Laws, art. 2.19(b).
Fla. Bar Found. Charter, art. Ill, § 3.4.
Fla. Bar Integr. R., art. XI, § 11.09.
Fla. Jud. Qual. Comm’n R. 9.
Fla. Std. Jury Instr. (Civ.) 6.4(c).
Fla. Std. Jury Instr. (Crim.) 2.03.
Fla. Std. Jury Instr. (Crim.) Robbery.
Fla. Stds. Imposing Law. Sanes. 9.32(a).
Fla. Bar Admiss. R. 3-23.1.
(j)-(p) [No change]
Committee Notes
[No change]
RULE 9.900. FORMS
(a)-(i) [No change]
(j) Prisoner’s-Motion and Affidavit to Proceed Without Prepayment of Court Costs-and Fees,
[[Image here]]
[[Image here]]
PRISONER’S MOTION AND AFFIDAVIT TO PROCEED WITHOUT PREPAYMENT OF COURT COSTS
I,- , am a. plaintiff/petitioner/appeliantjn-the-above-styled-antiQfn I-have-been-eenvicted of a crime and am currently-incarcerated for that crime, or I am -being-held-in-custody pending extradition or-sentencing- — Pursuant- to § 57.085, Fla. Stat.,---I.hereby — apply for leave to proceed in this action without prepayment of court costs-amá-fees»
I acknowledge-that-the-eustodian or the custodian’s designee for-my — inmate-trust account may withdraw-fu-nds-from-my account- and — transmit these funds to the clerk of the court?-as-directed by order of the court-. — These funds will be applied- to any court -costs — or fees that the court requires me-to-pay in connection with this case. This acknowledgment applies to any institution-in-which I am or will be- confined.
I am unable to pay court costs-and-fees. Under penalty-of-perjury, I swear or--af-fh-m-that all statements in.this affidavit are true and complete.
⅛ — State your inmate number and the place -and address of the institution -where you — are—in—prison—or—in—custody^
*98 2r. — Are you presently employed? — ¥es
Sr. — If yes, state your occupation, the amount of your-monthly salary or wages, and your employer’s address.
⅛ — I-f-no—state-the-time-period of your last employment, your occupation, and the amount of monthly salary or wages — received.
⅜ — Have you-reeeived — within the past twelve months -any money from any-of-the ■following sources?
Sr. — Business,-profession, or self-employment?- Yes()No()
b, — Rent,—payments, interest, or — dividends? Yes () No ()
& — Pensions, annuities,.or life insurance?- Yes () No ()
A — Gifts or inheritances?' Yes () No ()
e, — Any other-source? ■ Yes () No ()
-I-f-you aaswered-yes to any of the above, describe each source-and-state amount received-from-eaein
4 — Do-you own any cash-, or do you have money in a checking, savings, or money market account? — (Include-funds in prison account.) Yes () No ()
-I-f-yes, state the amount of cash owned and the current balance(s) in-each checking, - savings, or money market account.
⅛ — Do-you own any real-estate, stocks, bonds, notes, automobiles, or other tangible or intangible thmg-ofvalue worth more than $100? Yes()No()
-I-f- yes, describe each item-of property and-state — its-approximate—value.
A — List the persons who are dependent apon-you for support, state their-ages and their-relationship to-you, and indicate how much you contribute toward-their support.
¾ — State the nature and amount-of any significant — monthly—expenses that you must-pay, such as mortgage payments or rent.
⅜ — List-all of your-significant — debts, ■including the name-of each person or entity-to whom you owe the debt, the total amount owed, and — monthly payment, if any. -
⅜ — During the past three year-s-,--have your-been- permitted two or more times to proceed without prepayment of court costs or — fees in Florida or federal courts or adjudicatory forums, or to — intervene in actions in-these courts or adjudicatory forums-without prepayment of court costs or fees, pursuant -to Sections--57.081 or 57.085, -F-lorida Statutes, or 28 Urg-.C. § 1915? ¥es-(-)-No ■()
If yes, list below-.all suits, — actions, claims, proceedings, or appeals that you have brought or intervened in during the past five years in any court or adjudicatory forum.
■Name of Court.. Case Number =====-Nature-of-Disposition the Action
If necessary, attach-additional pages that ■reflect the required information.
Signature of Appellant/
Plaintiff/Petitioner
State-of Florida
County of -
Sworn to- and subscribed before me on ■ — ■■■:.. (date). by .(name).
Notary Public-State of Florida
{Print, — 1Type, or Stamp Commissioned Name -Qf Notary Public)
Personally known .
*99 OR Produced Identification _-,
Type of-Identification Produced-
FINANCIAL CERT-IF-I-CATE
(To be completed- by authorized official-of institution where prisoner-is- confined)
Tbe — prisoner—must—attach—computo printouts) reflecting--all-transactions in the prisoner’s inmate-trust account(s) -for-the preceding six months or-for the period of incarceration, whichever is shorter. — The prisoner-has the responsibility to obtain the required pr-intout(s) from each institution where the prisoner -was or is confined and to provide the printout(s) to-the-official completing-this certifícate.
t — Name-of-prisoner _ ---
⅝ — Current available- account balance
⅜ — Average-highest-available monthly balance for the preceding six months or for the period--of incarceration, whichever is shorter.
4 — Average-available-monthly - — deposits—to—preceding—six months-or for the period-of incarceration, whichever is shorter.
If-printout(s) or the above-calculations do not represent the preceding six month period in -its-entirety, the official completing this certificate should- explain-here;
I hereby- certify that, as of this date, the above information ■ for-the-inmate trust account of the prisoner-named above is cor-
Authorized-offieial of institution
Date?
ORDER REQUIRING FURTHER INFORMATION FOR DETERMINATION OF PRISONER’S INDIGEN-G¥
Based on a claim of indigency — Petitioner (Plaintiff) seeks-a-waiver of the filing fee in this matter of $ . ■■Petitioner (Plaintiff) appears to be incarcerated for conviction of a crime or pending-extradition or sentencing. — The documents-filed by Petitioner (Plaintiff) are insufficient to determine whether the Petitioner.(Plaintiff) is indigent under Section 57.085 — Florida Statutes. Petitioner (Plaintiffbmustoither-pay the filing fee stated above-or-fhe-the-fol-lowing items (as marked)-with this tribunal within 45 days of the-date- of this order:
== — 4—Affidavit of indigenc-y-eon-taining Petitioner’s — (Plaintiffs-)—identity and the financial information required by Seofion-57.085(2), Florida Statutes^
= — ⅝—Statement in the affidavit-regarding whether the Petitioner (Plaintiff) has-been determined to be^ indigent-under Sections 57.081 or 57.085⅛-Florida Statutes, or 28 U.S.C. § 1915 bwo-or more times during the past-three years and, if yes, a listing of all ■suitsractions, clain^ proceedings, or appeals broughtbybbe prisoner or intervened in by the prisoner in any court or-adjudicatory forum during the past five yg^TS,
= — ⅜—Statement in the affidavit that “I am unable to pay court costs-and feefe — Under penalty of perjury, I swear-or-affirm that all statements in this affidavit are-tr-ue-and completef-
== — 4—Acknowledgment that-fuads will be ■ withdrawn from — the Petitioner’s (Plaintiffs) inmate trust account?
■ ■-. — —4—A copy — of the Petitioner-s (Plaintiffs) inmate trust account records for the past 6 months or the length-of-fee Petitioner’s-(Plaintiffs)-incarceration,' whichever period is shorter. — If-Petitioner *100 (Plaintiff) has not had--an inmate trust aeeonnt-dnring this time period, the Petitioner (Plaintiff) musRsubmit signed documentation from prison-o-r — jail- officials for each institution conflrmin-g-that the Petitioner (Plaintiff) did not have-m trust account.
===== — 6---A-finaneial-cer-tificate, signed fe-y-a-n-authorized official of the Petitioner’s (-Plaintiffs) place of confinement, reflecting the current-available-account balance of the^ Petitioner’s (Plaintiffs) inmate trust account and the average highest available ■monthly balance and average available monthly -deposits in fee-trust-account for the past 6 months or-the length of the ■Petitioner’s-(Plaintiffs)-incarceration, whichever-period is shorter-
Completion of the enclosed or attached form will-satisfy all of these requirements. Failure either to pay the filing-fee in full or to comply with this-order -within 45-days from the date of this order may result in dismissal of this case. — If the Petitioner (Plaintiff)-has filed or — intervened in more than- one action, separate documents must be supplied for each -action' and the case number must appear on each-submission.
ORDER ON P-RISONER’S INDIGENCY
■Based on a claim of indigency — Petitioner (Plaintiff) ■ seeks waiver of prepayment of court costs-and fees, -pursuant to Section 57.085, Florida Statutes, — Having reviewed the documents filed by — Petitioner (Plaintiff),- this tribunal finds that — Petitioner (Plaintiff) is a prisoner as defined by Section-57:085(P) — Florida Statutesr-and- orders as-follows:
I. DETERMINATION — OF—INDI-G-E-NCY (check one)
A. NOT IND-IGENT. The Petitioner- (Plaintiff) is found — not- indigent because -. —. .The fflmg-fee of $ must he-pa,id-in full or-this case will be dismissed, (skip Section H-)-(Note that Fla. R.App---P-. 9.430 requires a-statement of-reasons for denying a-request for indigeneymtatus.)
B FULL WAIVER. Petitioner-(Plaintiff) is indigent and unable to prepay — court—costs—and—fees,—Petitioner (-Plaintiff) is obligated-to-pay court costs and fees-as specified--in Section II below.
C. PARTIAL WALTER. Petitioner (Plaintiff) is -⅛-dlgent but able to prepay part- of the -court costs and fees. ■Petitioner-"(Plaintiff)-shall make, prior to any further proceedings, an initial partial payment of the greater of either- (1) 80% of the-current available balance-of the Petitioner’s (Plaintiffs) inmate tr-ust- account or (2) the greater of -20% of the average highest available monthly balance or tho average available monthly deposits of the Petitioner’s (Plaintiffs-) — inmate trust account for — the- preceding-6 months or the period of incarceration, whichever period is shorter. — This—tribunal—determines this amount to- be ⅜_ . =.- Payment must bo made within 45 days of the- date of this order, or this case may-be-dismissed. — Petitioner (Plaintiff) shall make-monthly payments of-the remaining court costs and fees-as specified in Section Il-below.
■II PAYMENT OF — COURT COSTS AND FILING FEES
■The initial filing -fee — in this case is $ . The Department of Corrections or the local detention faeility-shall place a lien on-the inmate’s trust account for the full amount owed, •withdraw money maintained in the trust account, and-transmit the money to the-clerk of the-cour-t until the Petitioner’s (Plaintiff s) court costs- and fees are-paid in full. — When- the balance in the inmate’s account is less than $10, the Department-of-Gorrections or local detention *101 facility shall accumulate the funds and-not transmit them to the clerk until the-balance exceeds $10. — Any dismissal -of-this case, transfer of the-Petitioner (Plaintiff) to a different detention facility, or release of the Petitioner-(Plaintiff) from custody shall not extinguish-the lien or the Petitioner’s -(Plaintiffs) responsibility to — pay the full amount owed.
Committee Notes
[No Change]

. This rule is being amended to conform to the change made to rule 9.310(b)(2).

. The exception to this rule is criminal cases.