CANADY, J.,
dissenting.
Because I conclude that the decision of the Third District in Bank of America Corp. v. Valladares, 141 So.3d 714 (Fla. 3d DCA 2014), does not expressly and directly conflict with our decision in Pokorny v. First Federal Savings & Loan Ass’n of Largo, 382 So.2d 678 (Fla.1980), or the decision of the First District in Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1986), I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
“This Court may only review a decision of a district court of appeal that expressly and directly conflicts with a decision of another district court of appeal or the Supreme Court on the same question of law.” Jenkins v. State, 385 So.2d 1356, 1359 (Fla.1980). This Court’s jurisdiction to review decisions of courts of appeal for express and direct conflict is invoked by “the application of a rule of law to produce a different result in a case which involves substantially the same [controlling] facts as a prior case” or “the announcement of a rule of law which conflicts with a rule previously announced by this court or another district[J” Mancini v. State, 312 So.2d 732, 733 (Fla.1975); see Adams v. Seaboard Coast Line R.R. Co., 296 So.2d 1, 3 (Fla.1974).
Valladares does not expressly and directly conflict with Pokomy because the cases do not announce conflicting rules of law. In Valladares, the Third District addressed whether a person can be held liable for simple negligence for contacting the police to report suspected criminal activity and held that
[a] person calling the police to report a possible crime is not liable for a good faith mistake even if. the individual reported suffers personal injuries .at the hands of the police. Calling the police to report a crime rises to the level of a tort only if the reporter acts maliciously, meaning the reporter either knows the report is false or recklessly disregards whether the report is false.
Valladares, 141 So.3d at 715, 718. In contrast, this Court in Pokomy addressed whether a person may be held liable for unlawful detention or false imprisonment *15 based on contacting the police to report suspected criminal activity. In Pokomy we held that
under Florida law a private citizen may not be held liable in tort where he neither actually detained another nor instigated the other’s arrest by law enforcement officers. If the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that his communication to an officer may have caused the victim’s arrest does not make him liable when he did not in fact request any detention.
Pokorny, 382 So.2d at 682. Although both Valladares and Pokomy involve fact patterns in which the defendant allegedly made an erroneous report to the police, they deal with different theories of liability. Valladares addresses a claim of simple negligence and Pokomy addresses claims of unlawful detention and false imprisonment. But the reasoning of the two cases is consistent: both, recognize a rule of no liability for good faith mistakes associated with erroneous reports to the police. And nothing in Pokomy suggests that the good faith rule it articulates should not be extended to a claim of simple negligence, for making an erroneous report to the police. Pokomy thus provides no basis for the Court to exercise conflict jurisdiction over Valladares.
• Nor does Valladares expressly and directly’ conflict with Harris. As explained previously, Valladares addressed whether an individual can be held liable for simple negligence for contacting the police to report suspected criminal activity, and the Third District held that a person calling the police to report a possible crime is not liable for a good faith mistake even if the individual reported suffers personal injuries at the hands of the police. Valladares, 141 So.3d at 715, 718. The First District in Harris addressed the sufficiency of a negligence cause of action to withstand a motion to dismiss, reasoned that “[i]t is at least arguable that in the case sub judice, the misinformation allegedly reported to the police was not the result of an honest, good faith mistake on the part of the bank[,]” and held that
[bjecause appellant’s complaint sufficiently alleged a relationship voluntarily entered into by the bank which created a duty on the part of the bank to protect appellant from false accusations of forgery and theft, and because the allegations of the complaint, if taken as true, indicate that the bank had knowledge, or by the exercise of reasonable diligence would have had knowledge, that its acts and omissions were likely to result in injury to appellant, the trial court improperly dismissed the count for negligence.
Harris, 482 So.2d at 1384-85 (emphasis added). Specifically, the complaint in Harris alleged the bank had encouraged and facilitated withdrawals by the appellant from a third person’s account; that “the bank did not reveal to [that person] what had transpired between bank employees and appellant, -but instead led him to believe that' someone with criminal intent had” made withdrawals based on a forged signature; and that the appellant was “seized by bank employees” and turned over to the custody of the police. Id. at 1381 n. 8. These facts in Harris set the ease apart from Valladares, where a bank teller simply “mistook Valladares for a bank robber” and made a report to the police. Valladares, 141 So.3d at 715. Nothing in' Harris suggests that liability can be predicated on a good faith mistake in reporting a suspected crime to the police. There is no express and direct conflict with Valladares.
*16 This Court lacks jurisdiction under the .Florida Constitution to review Valladares. Accordingly, I.dissent.:
POLSTON, J., concurs.