# DECISIONS

## OF THE

# SUPREME COURT OF FLORIDA,

## AT TERMS HELD IN 1866-'7.

---

EDWARD Y. GALLAGHER, APPELLANT, VS. W. T. COGSWELL, APPELLEE.

1. An attachment bond is sufficient if given in double the amount of the debt or sum specified by certain and express agreement.

2. When a specified amount of interest is claimed by the affidavit, in addition to the debt, the bond must be given in double the amount of the *sum demanded.*

This case was decided at Tallahassee.

Appeal from Leon Circuit Court.

A statement of the case is contained in the opinion of the Court.

*A. J. Peeler* for Appellant.

*Papy* and *Hilton* for Appellee.

BAKER, J., delivered the opinion of the Court.

This is an attachment suit commenced in Leon Circuit Court. The plaintiff in his affidavit alleges "That W. T. Cogswell is indebted to him in the sum of three hundred and twenty-five dollars principal, and fifteen dollars and twenty-five cents interest, and that the amount of the said debt and sum demanded is actually due." The bond execu-

2

ted and filed is in the sum of six hundred and fifty dollars; thereupon a writ of attachment was issued and levied by the Sheriff of said county upon certain goods and chattels of the defendant.

At the next Term of the Court, motion was made to dissolve the attachment, on the grounds " That the bond heretofore given and filed in said cause by the plaintiff in attachment was insufficient, in this—that it was not made payable in double the debt or sum demanded, as required by statute." The motion was sustained, and a judgment entered dissolving the attachment and dismissing the suit. An appeal was taken from the judgment of the Court.

The assignment of errors is as follows : " The Court erred in entering a judgment for the dissolution of the attachment in this cause, on the ground that the attachment bond was not made payable in double the debt or sum demanded as required by statute; and because said bond was given in double the amount of the principal, and not in double the amount of principal and interest."

The statute requires that the attachment bond shall be in at *least* double the *debt* or *sum demanded.*—Thomp. Dig., 368, Sec. 4.

To aid in the construction of this statute, the counsel for appellant refers to the rule given in the case of Hardee & Co., vs. Langford, 6th Fla., 13 : " It is a general rule to be observed in the construction of statutes, that, when they provide extraordinary remedies, they should be strictly construed. But in view of the fact, that there exists no provision for special bail in this State, that rule may be somewhat relaxed in its application to attachment laws, whenever, by so doing, the cause of justice will be advanced." The question before the Court in that case was the admissibility of certain evidence to prove fraudulent intent to convey property, and in view of the great difficulty in discovering and proving such intention. We fully concur in this

Gallagher vs. Cogswell—Opinion of Court.

ruling, but to extend and apply it to the case before us, would be to annul and set aside an express provision of the statute.

In the case of Southern & Ivey vs. Britton, 10 Geo., 510, the affidavit specified the amount of the *debt* due, but not the amount of *interest*, and the bond given in double the amount sworn to be due was held by the Court to be sufficient.

Upon the principle decided in that case, as well as by the strict interpretation of our own statute, an attachment bond is sufficient if given in double the amount of the *debt* or sum of money due by certain and express agreement, leaving the interest to be regulated and allowed by law.

In this case, the plaintiff in his affidavit swears that a certain specified amount of interest is due. He not only claims the debt of three hundred and twenty-five dollars, but an additional sum of fifteen dollars and twenty-five cents, making the sum *demanded* as actually due, three hundred and forty dollars and twenty-five cents. The bond filed is for six hundred and fifty dollars, which is not in double the amount of the sum demanded, as required by law. The departure seems small, but it is a departure, and consequently fatal.—8 Ind., 272. 3 Bibb, 252.

It is ordered and adjudged that the judgment of the Circuit Court be affirmed with costs.