186 So.2d 786 (1966)
Dorothy Mae PAPADAKOS, Appellant,
v.
Charles H. SPOONER and Peter J. Papadakos, Appellees.
Nos. 65-785, 65-786.
District Court of Appeal of Florida. Third District.
May 17, 1966.
Sibley, Giblin & Levenson, Miami, Beach, for appellant.
Jepeway & Gassen, Miami, for Spooner.
Kurtz & Cooper, Miami, for Papadakos.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
PEARSON, Judge.
Appellant, Dorothy Mae Papadakos, and her husband, Peter J. Papadakos, were sued for an attorney's fee by the appellee, Charles H. Spooner. Mr. Spooner is a practicing attorney and had represented Mrs. Papadakos in domestic difficulties which she experienced with her husband. The plaintiff received a summary final judgment against Mrs. Papadakos. This judgment is the subject of appeal no. 65-785. After the entry of the final judgment and prior to the appeal, the appellant sought relief in the trial court pursuant to Rule 1.38, Florida Rules of Civil Procedure, 30 F.S.A. This relief was denied. That order is the subject of appeal no. 65-786. The two appeals have been consolidated for all appellate purposes. The complaint brought by Mr. Spooner against Peter J. Papadakos and Dorothy Mae Papadakos alleged, in part, that:
(1) The plaintiff is a practicing attorney.

*787 (2) The defendants are husband and wife, and reside in New York.
(3) Plaintiff was employed by Mrs. Papadakos.
(4) Defendants jointly consulted plaintiff with reference to a possible reconciliation.
(5) Mr. Papadakos agreed "that a reasonable fee would be paid to plaintiff."
(6) Plaintiff prepared and filed on behalf of Mrs. Papadakos a complaint for divorce and performed further services.
(7) Mrs. Papadakos agreed that a fee in excess of $5,000 was reasonable, but defendants have refused to pay.
The complaint further alleges that as a result of the attorney's effort the defendants were reconciled and left the State of Florida. It appears that they are both now residents of the State of New York. The defendants own, as an estate by the entirety, certain real property in Dade County, Florida. The plaintiff attempted to secure jurisdiction by issuing a writ of attachment[1] upon the real property mentioned and constructive service of process upon the defendants, Dorothy Mae Papadakos and Peter J. Papadakos, pursuant to Chapter 48, Fla. Stat. 1963, F.S.A. See Harris & Company Advertising, Inc. v. Republic of Cuba, Fla.App. 1961, 127 So.2d 687, 694; Cuba Aeropostal Agency, Inc. v. Kane, Fla.App. 1962, 145 So.2d 764. An affidavit in support of attachment was filed wherein it was averred that the defendants were indebted to plaintiff in the sum of $5,280.28. The defendants moved to dismiss the action for lack of jurisdiction over their person. The motions were denied. Thereafter, plaintiff moved for and was granted a summary final judgment against the appellant, Dorothy Mae Papadakos, in the amount of $5,579.15. The cause remains pending against the husband.
Appellant moved, pursuant to Rule 1.38 (b), Florida Rules of Civil Procedure, to be relieved from the summary judgment entered against her upon the ground that the judgment was void in that the attempt to obtain quasi in rem jurisdiction had failed because attachment does not lie in an action upon an unliquidated claim.
On this appeal, two points have been presented:
(1) Whether the court acquired jurisdiction by virtue of the attachment of property owned as an estate by the entirety by defendants in the law action where the claims against the defendants were separate and for unliquidated money damages?
(2) Whether the trial court erred in entering summary final judgment before answer[2] for one of two defendants in a common-law action based on quasi in rem jurisdiction?
We think that the points raised actually involved three issues:
(A) May an attorney have attachment in a suit against his client for a reasonable attorney's fee? (B) May property held as an estate by the entirety be attached upon a claim against husband and wife but which is based upon several contracts rather than a joint contract? (C) Whether summary judgment was improperly entered because of a genuine issue of material fact?
It is appellant's position upon the first issue that a claim for a reasonable attorney's fee creates a question of fact concerning the amount of such fee; therefore, a writ of attachment cannot issue under the laws of the State of Florida because the amount is unliquidated. She relies upon *788 Ake v. Chancey, 152 Fla. 677, 13 So.2d 6 (1943).
In the Ake case, supra, the Supreme Court considered an appeal from a final decree declaring an equitable lien upon certain property. The purported jurisdiction had been based upon garnishment and constructive service under the 1941 Constructive Service Law.[3] The decree established that the court had jurisdiction of a res by garnishment, that the constructive service was valid, and decreed a lien upon the property. The Supreme Court reversed the final decree upon a holding that the garnishment was void and that the purported constructive service was ineffective. In so deciding, the Supreme Court held that the facts in the case gave rise to nothing more than a common law action to collect an attorney's fee, that there was no ground for equity jurisdiction because the ultimate question was whether the amount fixed by the attorney's client was reasonable,[4] and that there was, therefore, no basis for equitable garnishment or constructive service in the court of equity.
The Ake case is not directly in point on the question of whether or not a writ of attachment may be had as an ancillary proceeding in a law action upon a claim for a reasonable fee for personal services. Nevertheless, it is persuasive authority for a holding that a claim of that nature is not a "debt" for which the writ of attachment may be issued. See also Tanner & Delaney Engine Co. v. Hall, 22 Fla. 391 (1886).
Section 76.09, Fla. Stat. 1963, F.S.A., provides:
"Affidavit when indebtedness due.  In cases where the debt is actually due, such affidavit shall state the amount of the debt or the sum demanded, that the same is actually due, and that affiant has reason to believe in the existence of one or more of the special grounds hereinbefore enumerated in § 76.04 stating specifically such special ground or grounds."
The use of the term "debt" has significance. Prior to the abolition of the common law forms of action, it was generally understood that a writ of attachment could be used only in those actions which were appropriate for collecting a debt; viz., debt, covenant, and assumpsit. The "debt" was also required to be an "absolute present debt." Crandall, Florida Common Law Practice § 276 (1928). In applying these statutes, the tests which were used in determining the availability of the action for debt are used to determine whether or not an action is for a "debt". See cases collected at 12 A.L.R.2d 787.
The nature of an action for debt is described by Crandall, supra, in section 175 as follows:
"Debt lies for the recovery of a debt considered as a res with damages for its wrongful detention. The following quotation from Chitty on Pleading (16th Am.ed.), Vol. 1, page 121, will explain its scope. `Debt is in some respects a more extensive remedy for the recovery of money than assumpsit or covenant; for assumpsit is not sustainable on a specialty and covenant does not lie upon a contract not under seal; whereas debt lies to recover money due upon legal liabilities; or upon simple contracts expressed or implied, whether verbal or written; and upon contracts under seal; or of record; and on statutes by a party aggrieved or by a common informer, whenever the demand is for a sum certain, or is capable of being readily reduced to a certainty. It may be supported on a contract to pay so much per load for wood, the quantity of which was not then ascertained; or on a quantum *789 meruit for work; or to pay a proportion of the costs of a suit expected to be incurred; but it is not maintainable when the demand is rather for unliquidated damages than for money.'"
As to the sum certain, Crandall states:
"While originally the sum for which the action was brought must have been in its nature certain, that is, capable of being reduced to a certainty by computation, its scope has grown with indebitatus assumpsit with which it is a concurrent remedy, until now the plaintiff can bring his action in debt for the reasonable value of the goods sold, the work and labor done, etc. * * *" (Crandall, supra, § 176)
From the foregoing quotations it is apparent that there may be circumstances where the amount of a claim may be technically unliquidated but nevertheless capable of being readily reduced to a certainty, and therefore, properly fall within the meaning of the term "debt". However, the amount of a reasonable attorney's fee is entirely conjectural and is clearly uncertain until either a judge or jury by an exercise of judgment makes a determination.
An examination of the record before us reveals that, at all times prior to the final judgment, plaintiff's claim has been unliquidated. At the hearing upon his motion for final judgment, the plaintiff found it necessary to present evidence upon the amount of a reasonable attorney's fee. If the court had not, at that time, found a charge of $5,000 reasonable, his claim would have been liquidated in a different amount. A holding that this claim was not a proper basis for attachment under the Florida Statute is in keeping with the historic meaning of the common law term "debt" for which the statute provides attachment.
We also reject the plaintiff's appellee's, contention that the terminology of the statute  "the debt or the sum demanded"  has enlarged the area within which the writ of attachment may be used. The quoted language operates in those circumstances where the "sum demanded" exceeds the amount of the debt. See Gallagher v. Cogswell, 11 Fla. 127 (1866), where the Court held that when a specified amount of interest is claimed by the affidavit, in addition to the debt, the attachment bond must be given in double the amount of the "sum demanded."
In addition to the foregoing reasons for our decision, we also note that in the case sub judice a strict compliance with the requirements for an attachment bond[5] would be impossible because the amount of the debt cannot be ascertained until a trial upon the issues has been completed.
Having determined that attachment does not lie, we do not proceed to the second and third issues presented. The judgment is reversed, and the cause is remanded with directions to dismiss the complaint.
Reversed.
HENDRY, Chief Judge (concurring specially, dissenting in part).
I respectfully disagree with the majority's interpretation of § 76.09 Fla. Stat., F.S.A. In § 76.01 Fla. Stat., F.S.A. the Legislature has stated that any creditor may have an attachment at law against the goods, etc. of his debtor under the circumstances and the manner provided in Chapter 76, Fla. Stat., F.S.A. It is provided in § 76.09, supra, that in cases where the debt is actually due, the "amount of the debt or the sum demanded" shall be stated. It is my opinion that the terms "debt" or "sum demanded" were not meant to be restricted to sums capable of being reduced to a certainty but does include actions for the reasonable value of goods sold or work and labor done. Where recovery is sought on an express or implied contract for a reasonable fee for professional services and *790 the amount demanded is due and capable of estimation by the usual means of evidence not resting wholly or in part in the discretion of the jury, the writ of attachment may be used.[1]
Having determined that a writ of attachment may be used in an action on a contract for reasonable attorney's fees, I would also consider whether the lower court acquired several jurisdiction over the appellant by an attachment of the property owned as an estate by the entirety.
It is my opinion that in order to bind land held by the entireties, a judgment must include both of the parties.
Since the summary judgment appealed is a several judgment and as the claim is based on joint and several liability, I would reverse the judgment and remand the cause for a determination of joint liability.
NOTES
[1] See Fla. Stat. 1963, § 76.04(4), F.S.A.
[2] Summary judgment was entered against appellant prior to the time that her answer was due to be filed.
[3] Laws of Florida 1941, Ch. 20452, Fla. Stat. 1941, § 48.01 et seq., F.S.A.
[4] The contract provided that the attorney would receive a reasonable compensation, the amount of which was to be fixed by the client. The fee had not been refused; in fact, the client had set a fee, but the attorney thought that it was not enough.
[5] Fla. Stat. 1963, § 76.12, F.S.A.
[1] Welsh v. Woods, 47 Haw. 252, 386 P.2d 886 (1963); Hall v. Parry, 55 Tex.Civ. App. 40, 118 S.W. 561; Phelps v. Columbia Phonograph Broadcasting System, Inc., 225 Ill. App. 294 (1929). See also: Zinn v. Dzialynski, 13 Fla. 597 (1869-1871).