559 So.2d 648 (1990)
Ihsan BARBOUTI, Appellant,
v.
Loizos LYSANDROU; Filippos Nomikos; and Barnett Bank of South Florida, N.A., Appellees.
Loizos LYSANDROU, Appellant,
v.
Ihsan BARBOUTI, Appellee.
Nos. 89-2740, 89-2995.
District Court of Appeal of Florida, Third District.
March 13, 1990.
*649 Adorno Zeder Allen Yoss Bloomberg Schwartz & Goodkind and Jon S. Hainline, Miami, for Ihsan Barbouti.
William E. Ploss, Daniels and Hicks and Patrice A. Talisman, Miami, for Loizos Lysandrou.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
Barbouti claims that Lysandrou, aided by Nomikos, in direct violation of their contractual obligation not to do so, misappropriated $800,000 in checks drawn by Barbouti and deposited the sum in a Miami bank. Initially proceeding ex parte, Barbouti sued Lysandrou and Nomikos in the Dade County Circuit Court on theories, among others, of conversion, civil theft, breach of contract and to establish a constructive trust, and secured a temporary injunction forbidding the removal of the funds from the bank pending the conclusion of the case. On motion of Lysandrou and Nomikos, the trial judge concluded that injunctive relief did not properly lie and therefore granted the motion to dissolve the injunction  but only after giving Barbouti the opportunity, which was timely accepted, to post a bond of $1,600,000, to secure a "freeze" of the account pursuant to a pre-judgment writ of garnishment served on the bank. See § 77.031, Fla. Stat. (1989).[1] The trial judge subsequently denied the defendants' motion to dissolve the garnishment. In these appeals, which we treat in a single opinion because of their close interrelationship, Barbouti claims error in the order dissolving the temporary injunction, and Lysandrou challenges the failure to dissolve the garnishment. We affirm both orders.

I.
Without the necessity of passing upon any of the other substantial issues raised concerning the availability of injunctive relief in a case such as this,[2] we find *650 that the dissolution of the injunction was perfectly appropriate. It is a basic rule that equity jurisdiction, particularly including the employment of injunctive relief, does not lie where there is an adequate remedy at law. See 29 Fla.Jur.2d Injunctions § 17 (1981), and cases cited. In this case, the relief attainable by the plaintiff through the use of the injunction  specifically including the availability of the $800,000 to satisfy an eventual judgment  was as a practical matter fully provided by the use of the writ of garnishment which the trial court simultaneously sustained. See Acquafredda v. Messina, 408 So.2d 828 (Fla. 5th DCA 1982); see also Leight v. Berkman, 483 So.2d 476 (Fla. 3d DCA 1986); Konover Realty Assocs. v. Mladen, 511 So.2d 705, 706 n. 5 (Fla. 3d DCA 1987). See generally ITT Community Dev. Corp. v. Barton, 569 F.2d 1351 (5th Cir.1978).

II
Turning to the attack by the defendants upon the availability of that remedy, we likewise find no error. Of the defendants' several contentions to the contrary,[3] only the claim that pre-judgment garnishment was inappropriate because the action was one "sounding in tort," § 77.02, Fla. Stat. (1989),[4] deserves mention. Under a principle of ancient and honorable lineage, an improper taking of goods or money which actually belongs to another and which may in itself constitute a tort, also gives rise to an implied contractual obligation to return that property. As Prosser says:
[T]here has developed the doctrine that where the commission of a tort results in the unjust enrichment of the defendant at the plaintiff's expense the plaintiff may disregard, or "waive" the tort action, and sue instead on a theoretical and fictitious contract of restitution of the benefits which the defendant has so received.
* * * * * *
Thus where the defendant has appropriated the plaintiff's money, or has taken his property and sold it, a quasi-contract count will lie for money had and received to the plaintiff's use, through the fiction of an implied promise to repay.
W. Prosser & W. Keeton, The Law of Torts § 94, at 672-73 (footnotes omitted). This doctrine has found directly pertinent application in holdings that the exclusion of tort actions from the operation of garnishment and attachment statutes does not apply to cases like this. Wallace v. Perry, 74 Idaho 86, 257 P.2d 231 (1953) (attachment lies for misappropriation of funds sued upon in implied contract for money had and received); Cleveland v. San Antonio Building & Loan Ass'n, 148 Tex. 211, 223 S.W.2d 226 (1949) (writs of garnishment and attachment properly issued when claim for liquidated damages arises out of express or implied contract); State ex rel. American Piano Co. v. Superior Court, 105 Wash. 676, 178 P. 827 (1919) (attachment or garnishment lies for conversion of property arising from contract claim). See generally 38 C.J.S. Garnishment §§ 7-8 (1943). See also Papadakos v. Spooner, 186 So.2d 786 (Fla. 3d DCA 1966). Under this rule, and because one count of the plaintiff's seven count complaint specifically alleges a breach of contract,[5] we conclude that the *651 pre-judgment garnishment writ in question properly lies as one sounding not in tort, but in express and implied contract.[6]
Affirmed.
NOTES
[1] Issuance of writ before judgment.  Before judgment has been obtained by the plaintiff against the defendant:
(1) A writ of garnishment shall be issued by the court or by the clerk on order of the court.
(2) To obtain issuance of the writ, the plaintiff, or his agent or attorney, shall file in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim. The writ of garnishment shall set forth a notice to the defendant of his right to an immediate hearing for dissolution of such writ pursuant to s. 77.07. Upon issuance of the writ of garnishment, the clerk of the court shall provide by mail a copy of the writ to the defendant.
(3) Except when the plaintiff has had an attachment writ issued, no writ of garnishment before judgment shall issue until the plaintiff, or his agent or attorney, gives a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment. A garnishment bond is not void or voidable because of an informality in it, nor shall the obligors be discharged because of the informality, even though the garnishment is dissolved because of the informality.
(4) The motion or pleading need not negative any exemptions of the defendant. [e.s.]
[2] Thus, we do not directly consider whether an injunction would lie to preserve an identifiable res subject to a constructive trust, as is alleged with respect to the $800,000 purportedly converted by Lysandrou and Nomikos. See ITT Community Dev. Corp. v. Barton, 457 F. Supp. 224 (M.D.Fla. 1978); Hudson Nat'l Bank v. Shapiro, 695 F. Supp. 544 (S.D.Fla. 1988); see also Banco Indus. de Venezuela v. Suarez, 541 So.2d 1324 (Fla. 3d DCA 1989) (injunctive relief lies to preserve constructive trust in RICO proceeding); Finkelstein v. Southeast Bank, N.A., 490 So.2d 976 (Fla. 4th DCA 1986) (same; constructive trust not imposed). See generally Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927). Compare, e.g., ITT Community Dev. Corp. v. Barton, 569 F.2d 1351 (5th Cir.1978) (garnishment does not lie to preclude dissipation of defendant's assets in action for money damages alone); Konover Realty Assocs. v. Mladen, 511 So.2d 705 (Fla. 3d DCA 1987), and cases cited (pre-trial injunction or other restraint upon dissipation of property unavailable in action for money damages alone).
[3] We find no error in the trial court's discretionary conclusion that Barbouti had a reasonable probability of success on the merits. § 77.07, Fla. Stat. (1989); see Quick v. Leatherman, 96 So.2d 136 (Fla. 1957).
[4] Garnishment in tort actions.  Before judgment against a defendant no writ of garnishment shall issue in any action sounding in tort.
[5] We do not agree that the asserted rule that attachment or garnishment does not lie if any of the counts does not qualify under the statute, see 6 Am.Jur.2d Attachment and Garnishment § 436 (1963), has any application to this case. Here, the relief sought  that is, the return of the $800,000  is based on the same set of facts which sound interchangeably in either contract or tort, so that the tort is subsumed in the contractual remedy. See W. Prosser, supra, § 94, at 673 ("`Waiver' of the tort is an unfortunate term, since the quasi-contract action itself is still based on the tort, and there is merely an election between alternative, co-existing remedies, and the unsuccessful pursuit of the `implied' contract will not bar a later action for the tort itself."); ITT Community Dev. Corp. v. Barton, 569 F.2d at 1360 n. 21.
[6] We should point out that, were we to hold otherwise, the alternative legal remedy, which we have held justifies the denial of injunctive relief, would no longer be available. It would then be necessary to consider the issues we have explicitly eschewed in note 2 supra. See ITT Community Dev. Corp. v. Barton, 457 F. Supp. 224 (M.D.Fla. 1978). Ironically, then, the defendants' success in the garnishment battle might have led to their loss of the injunctive war.