755 So.2d 162 (2000)
Anita MARSHALL-SHAW, Appellant,
v.
Kathleen Duross FORD, Appellee.
No. 4D99-1501.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Rehearing Denied April 24, 2000.
*163 Stephen Rakusin of Stephen Rakusin, P.A., Fort Lauderdale, for appellant.
Jacqueline S. Miller and Joshua A. Payne of Chopin & Miller, Palm Beach, and F. Gregory Barnhart of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee.
DELL, J.
Anita Marshall-Shaw appeals a non-final order denying her motions to dissolve writs of garnishment and attachment in a pending action that involved the alleged theft of numerous pieces of personal jewelry. We affirm.
In January of 1997, a burglary occurred at the residence of appellee Kathleen Duross Ford. Among other items, numerous pieces of valuable jewelry were taken. *164 Appellee filed a lawsuit against appellant and others, alleging counts of conversion, civil theft, conspiracy, unjust enrichment, and trespass. Appellee alleged that appellant was jointly and severally liable for participating in acts involving the burglary of her home and disposing of the stolen property.
Appellee moved for issuance of prejudgment writs of attachment on appellant's land, tenements, goods, and chattels. The trial court issued the prejudgment writs and set an attachment bond. Appellee then moved for issuance of a prejudgment writ of garnishment on cash payments made to appellant by co-defendants Jennifer and Roderick McKenzie for a purported mortgage relating to property appellant transferred to them. Subsequently, the trial court issued the writ of garnishment.
Appellant moved to dissolve the writs of attachment and the writ of garnishment. The trial court held an evidentiary hearing on both motions. Appellee's attorney, Frank Chopin, testified concerning the value of the stolen jewelry. He also testified that the jewelry was actually owned by a trust in which he and appellee were co-trustees, with appellee being the sole beneficiary owner of the trust property. In her complaint, appellee alleged that she was the owner of the jewelry and did not plead the existence of a trust.
The trial court found that appellee had complied with the applicable garnishment and attachment statutes, that her unjust enrichment claim properly formed the basis of the writs, and that the value of the stolen items had been adequately demonstrated. In the order now being appealed, the trial court denied the motions to dissolve the writs of attachment and garnishment.
When a party moves to dissolve a writ of attachment or garnishment, the party opposing the motion must prove the grounds on which the writ issued and a reasonable probability of obtaining a final judgment in his or her favor. §§ 76.24(1), 77.07(1), Fla. Stat. (1997). Appellant first argues that the trial court erred in denying her motions to dissolve the writs because there is no reasonable probability that appellee will obtain a judgment on counts I and III for conversion and unjust enrichment. Appellant points out that the only evidence presented at the evidentiary hearing on the motions to dissolve the writs was from Frank Chopin. She states that his testimony revealed that appellee did not own the jewelry allegedly converted. She refers to Chopin's testimony that appellee and he were the co-trustees of the trust which held the jewelry and that appellee was the sole beneficiary of the trust. Based on this testimony, appellant argues that appellee and Chopin were required to bring suit in their capacity as co-trustees. Appellant did not raise this argument in her motions to dissolve the writs of attachment and garnishment. However, we will briefly address the argument since she raised it during the evidentiary hearing and the trial court reserved ruling on it.
Rule 1.210(a) of the Florida Rules of Civil Procedure provides that every action may be prosecuted in the name of the real party in interest.
Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff.
Fla. R. Civ. P. 1.210(a).
In St. Martin's Episcopal Church v. Prudential-Bache Secs., Inc., 613 So.2d 108 (Fla. 4th DCA 1993), we held that a trust beneficiary had standing to bring an independent claim against a securities *165 dealer. Id. at 110. This Court stated that Rule 1.210(a) is a rule of enlargement rather than one of limitation of parties. Id. at 109. Likewise, in this case we conclude that Rule 1.210 authorizes appellee, as the sole beneficiary of the trust, to maintain the suit in her individual capacity.
Appellant next argues that the trial court erred in allowing attachment and garnishment based on unliquidated claims in which damages were uncertain. It is well settled that writs of attachment and prejudgment garnishment do not ordinarily lie for unliquidated debts. Papadakos v. Spooner, 186 So.2d 786 (Fla. 3d DCA 1966); see also BellSouth Advert. & Publ'g Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla.1997). However, this general rule does not apply where there is wrongful conversion of property and its value can be fairly approximated. Felker v. Douglass, 57 S.W. 323, 324 (Tex.Civ. App.1900). We hold that the property was tangible and had a fair market value, as testified to by Chopin. See Sullivan v. McMillan, 37 Fla. 134, 143-44, 19 So. 340, 343 (Fla.1896) (defining a liquidated debt as being "of such a nature that its exact pecuniary amount was either ascertained or ascertainable by simple computation, or by reference to generally recognized standards, such as market price").
Appellant further argues that attachment and garnishment cannot be based on an action sounding in tort, citing the provisions of sections 77.02 and 76.04, Florida Statutes, for support. She argues that causes of action for trespass, theft, and conspiracy could not be the subject of the prejudgment writs. However, appellee's claims for conversion and unjust enrichment can form the basis for the writs, if the amounts claimed are ascertainable by simple computation or reference to market price.
In Garel & Jacobs, P.A. v. Wick, 683 So.2d 184 (Fla. 3d DCA 1996), the Third District held that the general rule that prejudgment garnishment may not be employed in a tort action did not necessarily preclude garnishment proceedings in an action based on the law firm's alleged negligence in allowing the father to withdraw the son's guardianship funds from a restricted account, since the action stated a cause of action for funds taken.
The Garel court cited Barbouti v. Lysandrou, 559 So.2d 648 (Fla. 3d DCA 1990), in support. In Barbouti, the Third District rejected the claim that a prejudgment garnishment was inappropriate because the action was one "sounding in tort." Id. at 650-51. The court stated:
Under a principle of ancient and honorable lineage, an improper taking of goods or money which actually belongs to another and which may in itself constitute a tort, also gives rise to an implied contractual obligation to return that property. As Prosser says:
[T]here has developed the doctrine that where the commission of a tort results in the unjust enrichment of the defendant at the plaintiff's expense the plaintiff may disregard, or "waive" the tort action, and sue instead on a theoretical and fictitious contract of restitution of the benefits which the defendant has so received.
Thus where the defendant has appropriated the plaintiff's money, or has taken his property and sold it, a quasi-contract count will lie for money had and received to the plaintiff's use, through the fiction of an implied promise to repay. W. Prosser & W. Keeton, The Law of Torts § 94, at 672-73 (footnotes omitted). This doctrine has found directly pertinent application in holdings that the exclusion of tort actions from the operation of garnishment and attachment statutes does not apply to cases like this. Wallace v. Perry, 74 Idaho 86, 257 P.2d 231 (1953) (attachment lies for misappropriation of funds sued upon in implied contract for money had and received); Cleveland v. San Antonio Building & Loan Ass'n, 148 Tex. 211, 223 S.W.2d 226 (1949) (writs of garnishment and attachment properly issued when claim for liquidated damages arises out of express or implied contract); State ex rel. *166 American Piano Co. v. Superior Court, 105 Wash. 676, 178 P. 827 (1919) (attachment or garnishment lies for conversion of property arising from contract claim). See generally 38 C.J.S. Garnishment §§ 7-8 (1943). See also Papadakos v. Spooner, 186 So.2d 786 (Fla. 3d DCA 1966).
Id. at 650.
Lastly, appellant challenges the sufficiency and competency of the evidence concerning the value of the jewelry. She argues that Chopin was not qualified to render an opinion on value and that the evidence presented was not directly linked to the date of the loss. We reject both challenges. The trial court has broad discretion in determining whether a witness is qualified to offer opinion testimony. See Davis v. South Florida Water Management Dist., 715 So.2d 996 (Fla. 4th DCA 1998); Harrison Land Dev., Inc. v. R & H Holding Co., Inc., 518 So.2d 353, 355 (Fla. 4th DCA 1987). Chopin admitted that he was not a professional jeweler or appraiser. He testified that his experience dated to the 1980's when Henry Ford purchased jewelry through him from auction houses, and that he had considerable experience in purchasing jewelry in other contexts. He also testified that he had investigated the market value of the jewelry involved in this case, and that the unique nature and value of the jewelry was such that it was unlikely to fluctuate from the date of the loss until the time he testified to its market value. Appellant has failed to show that the trial court abused its discretion in finding Chopin's qualifications and testimony sufficient to establish the value of the jewelry.
We have considered appellant's other challenges and we reject them without further discussion.
AFFIRMED.
POLEN and STEVENSON, JJ., concur.