**AMERICAN ASSOCIATION FOR the ADVANCEMENT OF SCIENCE, et al., Plaintiffs,**

**v.**

**PERIODICALS PUBLICACOES TECNICAS, et al., Defendants.**

**Case No. 08–21696–CIV.**

United States District Court, S.D. Florida, Miami Division.

Sept. 25, 2008.

Michael Diaz, Jr., Carlos F. Gonzalez, and Brant C. Hadaway, Diaz, Reus, & Targ, LLP, Miami, FL, for Plaintiff.

***ORDER***

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court for an evidentiary hearing on September

24, 2008, upon Defendants, Rubens A. Valerio and Rosemeiri Valerio's (the "Valerios[']") Corrected Motion for Dissolution of Writ of Attachment (the "Motion") [D.E. 16], filed on July 22, 2008. The undersigned has carefully considered the parties' written submissions, oral arguments by counsel, evidence presented at the hearing, and pertinent portions of the record.

On June 27, 2008, Plaintiffs filed their Ex Parte Motion for Prejudgment Writ of Attachment [D.E. 5] seeking to attach a condominium owned by the Valerios, located at 100 Lincoln Road, Unit 1608, Miami Beach, Florida (the "attached property"). On June 30, 2008, the undersigned entered an Order [D.E. 6] granting Plaintiffs' Ex Parte Motion. In the present Motion, the Valerios argue the writ of attachment was improvidently granted and should be dissolved.

At the hearing, Plaintiffs presented one witness, Andrew Pitts, who, while employed by Publishers Solutions International, conducted an investigation of Plaintiffs' subscription records to identify cases of fraud. Mr. Pitts testified the investigation uncovered evidence of a scheme whereby the Valerios, who reside in Brazil, used false names and addresses to order subscriptions to Plaintiffs' journals at low, individual subscription rates and resold them to institutions in Brazil at higher institutional rates. According to Mr. Pitts, the Valerios operated this scheme, in part, from the attached property and used the address of the attached property as the address of their business. Documents detailing the information discovered through Mr. Pitts' investigation regarding the Valerios' activities were also presented. The documents tend to show an inordinate number of subscriptions ordered in the names of the Valerios and various alleged aliases or associates at a number of addresses. Mr. Pitts testified many of the addresses were found to be mail drops, unoccupied, or otherwise fraudulent.

Plaintiffs obtained the writ pursuant to Section 76.08 of the Florida Statutes. This section creates a procedure by which a plaintiff may attach the property of a defendant if it appears "from specific facts shown by a verified complaint or a separate affidavit of the plaintiff, and all applicable requirements of s. 76.09, s. 76.10, or s. 76.11 are met." Fla. Stat. 76.08. Plaintiffs' Ex Parte Motion sought attachment based on Section 76.09, which allows a defendant's property to be attached when a "debt is actually due" and where the "movant has reason to believe in the existence of one or more of the special grounds in s. 76.04. . . ." The special grounds of Section 76.04 asserted by Plaintiffs permit attachment where the debtor/defendant "(7) Is absconding. (8) Is concealing himself or herself. (9) Is secreting the property. (10) Is fraudulently disposing of the property."

In the Motion, the Valerios move to dissolve the writ pursuant to Section 76.24 of the Florida Statutes. "When a party moves to dissolve a writ of attachment or garnishment, the party opposing the motion must prove the grounds on which the writ issued and a reasonable probability of obtaining a final judgment in his or her favor." *Marshall–Shaw v. Ford,* 755 So.2d 162, 164 (Fla. 4th DCA 2000) (citing Fla. Stat. §§ 76.24(1), 77.07(1)). The Valerios argue Plaintiffs have failed to establish that a debt is due and have also failed to show any of the special grounds of Section 76.04 to support the writ.

 Turning first to the question of whether Plaintiffs have met their burden to show a debt is actually due, the Valerios contend Section 76.09 requires the debt at issue to be a liquidated sum. The Valerios assert Plaintiffs' claimed debt is an unliquidated damages claim and therefore can-

**1250**

not form the basis for the writ. There is authority for the proposition that writs of attachment "do not ordinarily lie for unliquidated debts." *Id.* at 165 (citing *Papadakos v. Spooner*, 186 So.2d 786 (Fla. 3d DCA 1966)). "However, this general rule does not apply where there is wrongful conversion of property and its value can be fairly approximated." *Id.* (citing *Felker v. Douglass*, 57 S.W. 323, 324 (Tex.Civ.App. 1900)). Based on the evidence and testimony presented by Plaintiffs, the undersigned is persuaded that Plaintiffs have shown a fairly approximated debt due. Mr. Pitts testified and evidence of the investigation was admitted establishing the Valerios purchased subscriptions to Plaintiffs' journals at individual rates but sold them at higher prices, depriving Plaintiffs of the fairly approximated sum of $1.3 million. Accordingly, Plaintiffs have carried their burden with respect to this requirement.

The Valerios also contend the writ should be dissolved because Plaintiffs have not presented evidence establishing any of the Section 76.04 special grounds. The undersigned is persuaded, however, the Valerios' alleged use of false names and addresses and other alleged fraud presented at the hearing is sufficient to satisfy the special grounds of Section 76.04, particularly subsection 8 regarding concealment.

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion [**D.E. 16**] is **DENIED.**