# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1265
Lower Tribunal No. 18-19439
_____

**Maria Eugenia Correa, etc.,**
Appellant,

vs.

**Marcela Tovar-Restrepo, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Sodhi Spoont PLLC, and Eric M. Sodhi, Joshua L. Spoont, and Nathaniel M. Edenfield, for appellant.

Nelson Mullins Riley & Scarborough LLP, and Francisco Armada and Mark F. Raymond; Nelson Mullins Riley & Scarborough LLP, and Beverly A. Pohl (Boca Raton), for appellees.

Before LOGUE, C.J., and LOBREE and GOODEN, JJ.

LOGUE, C.J.

Maria Eugenia Correa, individually and as Trustee of the Colspak Revocable Trust, appeals the trial court's final summary judgment in favor of Marcela Tovar-Restrepo, Ana Maria Tovar-Restrepo, and Kvinner LLC. Ms. Correa was substituted as plaintiff in the underlying action after the death of the original plaintiff, Jose Pablo Tovar Parra ("Mr. Tovar"). The trial court, however, dismissed the case holding that Mr. Tovar lacked standing from the outset to commence the underlying action. For the reasons explained below, we conclude Mr. Tovar did have standing when he commenced the underlying action. As Mr. Tovar's successor trustee and beneficiary of the Colspak Revocable Trust upon his death, Ms. Correa, in turn, had standing to continue the action.

## Background

The underlying action concerned a dispute among family members over substantial assets held in three trusts. Mr. Tovar created three revocable trusts in 2015 (the "2015 Trusts"). In 2016, he made them irrevocable which divested him of control of the trust assets. In 2018, he sued his daughters, Marcela and Ana Maria, and an entity allegedly controlled by Marcela, Kvinner LLC (hereinafter jointly "the Daughters"), to invalidate his actions that made the 2015 Trusts irrevocable.

2

The complaint was brought by Mr. Tovar individually and as settlor/trustee of the 2015 Trusts and alleged seven causes of action: (1) statutory termination of the trust amendments due to undue influence; (2) statutory termination of the trust amendments due to fraud; (3) statutory reformation of the trust amendments based on mistake; (4) injunctive relief to freeze the trust assets absent court order; (5) civil theft based on exploitation of an elderly person; (6) declaratory relief adjudicating Mr. Tovar's status as trustee of the three trusts at issue; and (7) breach of fiduciary duty.

The Daughters contested the claims, which were not resolved on the merits because Mr. Tovar passed away in late 2020. Following Mr. Tovar's passing, the underlying litigation shifted to whether Ms. Correa could proceed with the case in Mr. Tovar's stead.

In early 2021, Ms. Correa moved to be substituted as plaintiff. Her motion relied upon a previously undisclosed trust created by Mr. Tovar (hereinafter "the Colspak Revocable Trust") to which Mr. Tovar had assigned his causes of action against his daughters. Ms. Correa asserted she appeared "individually and as Trustee of the Colspak Revocable Trust" and as grounds for the substitution alleged, in pertinent part, the following:

> [I]n June of 2018, Mr. Tovar, as settlor and grantor, created the Colspak Revocable Trust, which was

3

initially funded with the assets at issue in this litigation. At the time the Colspak Trust was created, Mr. Tovar himself was the sole Trustee. Pursuant to Article IV, section A, of the Colspak Trust, Movant bec[a]me the sole Trustee of the Colspak Trust upon the death of Mr. Tovar. Moreover, Mr. Tovar also assigned from himself individually, and to himself, as the Sole Trustee of the Colspak Revocable Trust, "any and all of my rights and interest in any and all claims that can be, may be, or will be brought or pursued against my daughters, MARCELA TOVAR RESTREPO and ANA MARIA TOVAR RESTREPO, individually."

Although the litigation had been ongoing for several years, the Daughters averred this was the first time they learned of the existence of the Colspak Revocable Trust.

Ms. Correa was eventually substituted as Plaintiff, "both individually and as Trustee of the Colspak Revocable Trust." That order, however, preserved the Daughters' rights to challenge Mr. Tovar and Ms. Correa's standing.

The Daughters subsequently moved for summary judgment. Focusing on the assignment of the causes of action to the newly revealed Colspak Revocable Trust, they argued that Mr. Tovar lacked standing when he commenced the underlying action because he previously assigned the rights to the litigation to the Colspak Revocable Trust. The Daughters further argued that the substitution of Ms. Correa as Trustee of the Colspak

4

Revocable Trust, some four years after the lawsuit was filed, could not cure the deficiency in standing that was present at the lawsuit's inception because the statute of limitations had since run.

The trial court granted the Daughters' motion. The trial court specifically concluded that Mr. Tovar lacked standing to initially commence the lawsuit because he previously assigned all his rights to bring the lawsuit to the Colspak Revocable Trust, leaving him with no interest to enforce. The trial court further concluded that Ms. Correa, individually and as Trustee of the Colspak Revocable Trust, could not cure the standing deficiency by being substituted as plaintiff. Finally, the trial court concluded that the relation back doctrine was not applicable because there was no identity of interest between the original plaintiff and the substituted plaintiff.

## Legal Analysis

"Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly." Hayes v. Guardianship of Thompson, 952 So. 2d 498, 505 (Fla. 2006). "In its broadest sense, standing is no more than having, or representing one who has, 'a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" Kumar Corp. v. Nopal Lines, Ltd., 462 So. 2d

5

1178, 1182 (Fla. 3d DCA 1985) (quoting Sierra Club v. Morton, 405 U.S. 727, 731 (1972)).

Standing also requires "that the claim be brought by or on behalf of one who is recognized in the law as a 'real party in interest,' that is, 'the person in whom rests, by substantive law, the claim sought to be enforced[.]'" Id. at 1183 (internal citation omitted). This is so that a defendant might be protected "from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its proper effect as res judicata . . . ." Id. (quoting Prevor-Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Mgmt., Inc., 620 F.2d 1, 4 (1st Cir. 1980)).

> The Florida real party in interest rule, [Florida Rule of Civil Procedure] 1.210(a), permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest. Thus, where a plaintiff is either the real party in interest or is maintaining the action on behalf of the real party in interest, its action cannot be terminated on the ground that it lacks standing.

Id. (footnote and internal citations omitted). See also Fla. R. Civ. P. 1.210(a) ("Every action may be prosecuted in the name of the real party in interest, but a . . . trustee of an express trust . . . may sue in that person's own name without joining the party for whose benefit the action is brought.").

It was established here that the Colspak Revocable Trust held Mr. Tovar's "rights and interests in any and all claims that can be, may be, or will be brought or pursued against [his] daughters, MARCELA TOVAR RESTREPO and ANA MARIA TOVAR RESTREPO, individually." It was also established that Mr. Tovar was the sole grantor, trustee, and beneficiary of the Colspak Revocable Trust during his lifetime. As the sole trustee, therefore, he was permitted to bring the underlying action in his own name. See Fla. R. Civ. P. 1.210(a).

And he was not required to join the trust as a party. For example, in Marshall-Shaw v. Ford, 755 So. 2d 162 (Fla. 4th DCA 2000), the plaintiff brought an action relating to the alleged theft of numerous pieces of personal jewelry. Id. at 163. In the complaint, the plaintiff alleged she was the owner of the jewelry and did not plead the existence of a trust. Id. at 164. During the course of the action, however, it came to light that the jewelry was actually owned by a trust, of which the plaintiff was a co-trustee and the sole beneficiary. Id. The defendants then argued that plaintiff was required to bring suit in her capacity as co-trustee of the trust. Id.

The Fourth District, however, rejected this argument. Id. at 164-65. Relying on Rule 1.210(a), which it described as "a rule of enlargement rather than one of limitation of parties[,]" the Fourth District reasoned that the

7

plaintiff was authorized to maintain the suit in her individual capacity because she had standing as the sole beneficiary of the trust. Id. Here, Mr. Tovar was both the sole trustee and the sole beneficiary of the Colspak Revocable Trust at the time he brought the underlying action. As such, he too had standing to bring the action. Cf. Roller v. Collins, 373 So. 3d 35, 40 (Fla. 5th DCA 2023) ("Florida law has long recognized that it is generally the trustee, and not a beneficiary, who is the real party in interest with authority to bring an action on behalf of the trust.").

Furthermore, Mr. Tovar was not required to allege that he was suing in his capacity as trustee of the Colspak Revocable Trust. Rule 1.120(a) provides that "[i]t is not necessary to aver . . . the authority of a party to sue or be sued in a representative capacity . . . except to the extent required to show the jurisdiction of the court." Instead, "[w]hen a party desires to raise an issue as to . . . the authority of a party to sue or be sued in a representative capacity, that party shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Id.

Here, the Daughters were permitted to amend their answer and affirmative defenses to properly raise the issue of Mr. Tovar's standing to sue based on his failure to allege that he was bringing his action as trustee

of the Colspak Revocable Trust. They then moved for summary judgment on the defense and Ms. Correa sufficiently established that Mr. Tovar had standing to sue at the inception of the underlying action because he was trustee of the Colspak Revocable Trust, as detailed above. Accordingly, the fact that he did not aver his authority to sue in this representative capacity in his initial and subsequent complaints, standing alone, did not deprive him of standing.

The Daughters attempt to negate the foregoing by arguing that the fact that Mr. Tovar assigned his rights to the Colspak Revocable Trust renders the facts of this case somehow distinct. In support, they rely on case law concerning parties that have assigned their rights to third parties. The problem with that argument here is that Mr. Tovar did not assign his rights to a wholly unrelated third party, but rather he assigned it to himself in a different capacity. In this sense, the assignment was only a means to transfer the legal title to himself in a different capacity. The fact remains that he, Mr. Tovar, still held these rights, only now in his capacity as trustee of the Colspak Revocable Trust. Accordingly, he still had standing to sue.

Furthermore, contrary to the Daughters' arguments, there is no prejudice to them. This is because, while Mr. Tovar's standing may be based on his capacity as trustee of the Colspak Revocable Trust because of the

9

assignment, the fact remains that the underlying claims are based on Mr. Tovar's individual rights. This is because what Mr. Tovar assigned to the Colspak Revocable Trust were his individual "rights and interests in any and all claims that can be, may be, or will be brought or pursued against [his] daughters, MARCELA TOVAR RESTREPO and ANA MARIA TOVAR RESTREPO, individually." As such, the underlying claims and defenses remain the same. This is true no matter to whom or how many times over Mr. Tovar's rights to recover against his daughters may be assigned.

Finally, having established that Mr. Tovar had standing to sue because he was the trustee of the Colspak Revocable Trust, it follows that upon his passing, Ms. Correa obtained standing to continue to prosecute the underlying action as successor trustee of the Colspak Revocable Trust. Accordingly, the trial court properly substituted Ms. Correa as plaintiff, but erred in subsequently concluding that she lacked standing to continue to pursue the action.

Reversed.