DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT SHRIBERG** and **BARBARA SHRIBERG,**
Appellants,

v.

**FLORIDA FLOORING, INC.,** a Florida Corporation,
Appellee.

No. 4D2025-0162

[January 7, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Reginald R. Corlew, Judge; L.T. Case No. 50-2023-CC-016181-XXXA-SB.

Stephen A. Smith, Boca Raton, for appellants.

Irwin R. Gilbert of Irwin R. Gilbert Law, P.A., Woodstock, Georgia, and Janine R. McGuire of Conrad & Scherer, LLP, Fort Lauderdale, for appellee.

CIKLIN, J.

Barbara and Robert Shriberg (the "plaintiffs") appeal a summary judgment order entered in favor of Florida Flooring, Inc. ("Florida Flooring"), finding that the plaintiffs lacked standing to sue because their home was owned by a revocable trust and not by the plaintiffs. The plaintiffs argue that, as the revocable trust's trustees, they had standing to sue as a matter of law. We agree with the plaintiffs' argument that the trial court mistakenly determined they lacked legal standing to sue, and we reverse.

In 2015, the plaintiffs contracted with Florida Flooring for the purchase and installation of new engineered wood flooring in their Lake Worth home. The plaintiffs, in their individual capacities, sued Florida Flooring in 2023 for "breach of contract/breach of warranty" based on defects that appeared in the flooring in April 2023. Florida Flooring's amended answer asserted, among other affirmative defenses, that the plaintiffs lacked standing.

Florida Flooring moved for summary judgment. Florida Flooring contended that the plaintiffs had transferred title of the subject home to a trust on August 7, 2017, so they were not the home's owners when they filed the complaint in September 2023, and thus, they lacked standing at the lawsuit's inception. Florida Flooring argued that installation of flooring is a permanent improvement to a building, and a transferor of a building does not retain an interest in the deeded property, so the plaintiffs lacked a sufficient stake in the controversy to establish standing. Florida Flooring further argued lack of standing at the lawsuit's inception could not be remedied by amendment to substitute a party with standing.

Attached to Florida Flooring's summary judgment motion was a copy of a warranty deed reflecting that the plaintiffs, "husband and wife, Grantor," had transferred their home to "ROBERT A. SHRIBERG and BARBARA M. SHRIBERG, as Trustees of the ROBERT A. SHRIBERG and BARBARA M. SHRIBERG Revocable Trust Agreement a/k/a RBSRT dated August 7, 2017" (hereinafter, the "Trust"). The deed also contains a note to the property appraiser stating, "The Grantor confirms that under the terms of the Trust referred to above, the Grantor has not less than a beneficial interest for life and is entitled to a homestead exemption pursuant to the provisions of Florida Statute 196.041(2)."

The plaintiffs opposed Florida Flooring's motion for summary judgment. They acknowledged that they had transferred their home to the revocable Trust, but they correctly asserted that, as the trustees, they retained a beneficial interest in the home per controlling Florida law. They specifically "dispute[d] [Florida Flooring]'s assertion as an undisputed fact that Plaintiffs were not the owners of the subject home and therefore lacked standing," and they argued that their unfettered ownership interest in their home under the revocable Trust establishes a sufficient stake in the outcome to establish standing.

The trial court entered summary judgment for Florida Flooring, concluding the record reflected that the plaintiffs did not own the home at the time suit was filed, so they lacked standing. The crux of the trial court's reasoning was that the plaintiffs had failed to prove a beneficial interest in the property by failing to offer admissible evidence of the Trust or its terms, and they had failed to allege in the complaint or their statement of undisputed facts that they are the Trust's beneficiaries. The trial court further rejected the plaintiffs' argument that a revocable trust's trustees also are trust beneficiaries as a matter of law, stating that the determining factor is the Trust's language, which the plaintiffs did not present. Additionally, the trial court determined that lack of standing at

2

the lawsuit's inception could not be remedied by amendment to substitute a party with standing. The plaintiffs appeal.

We review an order granting summary judgment de novo. *Russell v. BAC Home Loans Servicing, LP*, 239 So. 3d 98, 99 (Fla. 4th DCA 2018). Likewise, we review the trial court's determination on standing de novo. *See id.*

A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "[W]here . . . the nonmoving party bears the burden of proof on a dispositive issue at trial, the moving party need only demonstrate 'that there is an absence of evidence to support the nonmoving party's case.'" *Rich v. Narog*, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) (footnote omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[O]nce the moving party satisfies this initial burden, the burden then shifts to the nonmoving party to 'make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 322).

"Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly." *Hayes v. Guardianship of Thompson*, 952 So. 2d 498, 505 (Fla. 2006). "Generally, one has standing to sue when he or she has a sufficient interest at stake in the controversy which will be affected by the outcome of the litigation." *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1024 (Fla. 4th DCA 1996). Standing also requires "that the claim be brought by or on behalf of one who is recognized in the law as a 'real party in interest.'" *Roller v. Collins*, 373 So. 3d 35, 40 (Fla. 5th DCA 2023) (citation omitted).

"Florida law has long recognized that it is generally the trustee, and not a beneficiary, who is the real party in interest with authority to bring an action on behalf of the trust." *Id.*

> Every action may be prosecuted in the name of the real party in interest, but a . . . *trustee of an express trust . . . may sue in that person's own name without joining the party for whose benefit the action is brought.* All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if that

person's presence is necessary or proper to a complete determination of the cause.

Fla. R. Civ. P. 1.210(a) (emphasis added). "Rule 1.210(a) is a rule of enlargement rather than one of limitation of parties." *Marshall-Shaw v. Ford*, 755 So. 2d 162, 165 (Fla. 4th DCA 2000).

A recent Third District case, *Correa v. Tovar-Restrepo*, 409 So. 3d 651 (Fla. 3d DCA 2025), *reh'g denied* (Apr. 25, 2025), is illustrative. In *Correa,* the original plaintiff, Tovar, created three trusts in 2015 (the "2015 trusts"). *Id.* at 653. Several years later, individually and in his capacity as the settlor/trustee of the 2015 trusts, Tovar sued his daughters and an entity to invalidate his actions that made the 2015 trusts irrevocable. *Id.*

Tovar passed away in 2020, and Correa moved to be substituted as plaintiff. *Id.* "Her motion relied upon a previously undisclosed trust created by Mr. Tovar (hereinafter 'the Colspak Revocable Trust') to which Mr. Tovar had assigned his causes of action against his daughters." *Id.* Correa asserted that she appeared "individually and as Trustee of the Colspak Revocable Trust," and she was eventually substituted as plaintiff. *Id.* at 653-54.

The daughters moved for summary judgment, arguing that "Tovar lacked standing when he commenced the underlying action because he previously assigned the rights to the litigation to the Colspak Revocable Trust," and that "the substitution of Ms. Correa as Trustee of the Colspak Revocable Trust, some four years after the lawsuit was filed, could not cure the deficiency in standing that was present at the lawsuit's inception because the statute of limitations had since run." *Id.* at 654. The trial court granted the motion, concluding that "Tovar lacked standing to initially commence the lawsuit because he previously assigned all his rights to bring the lawsuit to the Colspak Revocable Trust, leaving him with no interest to enforce," that "Correa, individually and as Trustee of the Colspak Revocable Trust, could not cure the standing deficiency by being substituted as plaintiff," and "that the relation back doctrine was not applicable because there was no identity of interest between the original plaintiff and the substituted plaintiff." *Id.*

The Third District reversed, reasoning:

> It was established here that the Colspak Revocable Trust held Mr. Tovar's "rights and interests in any and all claims that can be, may be, or will be brought or pursued against [his] daughters . . . ." It was also established that Mr. Tovar

4

was the sole grantor, trustee, and beneficiary of the Colspak Revocable Trust during his lifetime. *As the sole trustee, therefore, he was permitted to bring the underlying action in his own name.* <u>See</u> Fla. R. Civ. P. 1.210(a).

And he was not required to join the trust as a party. For example, in <u>Marshall-Shaw v. Ford</u>, 755 So. 2d 162 (Fla. 4th DCA 2000), the plaintiff brought an action relating to the alleged theft of numerous pieces of personal jewelry. <u>Id</u>. at 163. In the complaint, the plaintiff alleged she was the owner of the jewelry and did not plead the existence of a trust. <u>Id</u>. at 164. During the course of the action, however, it came to light that the jewelry was actually owned by a trust, of which the plaintiff was a co-trustee and the sole beneficiary. <u>Id</u>. The defendants then argued that plaintiff was required to bring suit in her capacity as co-trustee of the trust. <u>Id</u>.

The Fourth District, however, rejected this argument. <u>Id</u>. at 164-65. Relying on Rule 1.210(a), which it described as "a rule of enlargement rather than one of limitation of parties[,]" the Fourth District reasoned that the plaintiff was authorized to maintain the suit in her individual capacity because she had standing as the sole beneficiary of the trust. <u>Id</u>. Here, *Mr. Tovar was both the sole trustee and the sole beneficiary of the Colspak Revocable Trust at the time he brought the underlying action. As such, he too had standing to bring the action.* <u>Cf. Roller v. Collins</u>, 373 So. 3d 35, 40 (Fla. 5th DCA 2023) ("Florida law has long recognized that it is generally the trustee, and not a beneficiary, who is the real party in interest with authority to bring an action on behalf of the trust.").

Furthermore, *Mr. Tovar was not required to allege that he was suing in his capacity as trustee of the Colspak Revocable Trust.* Rule 1.120(a) provides that "[i]t is not necessary to aver . . . the authority of a party to sue or be sued in a representative capacity . . . except to the extent required to show the jurisdiction of the court." Instead, "[w]hen a party desires to raise an issue as to . . . the authority of a party to sue or be sued in a representative capacity, that party shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader's knowledge." <u>Id</u>.

5

Here, the Daughters were permitted to amend their answer and affirmative defenses to properly raise the issue of Mr. Tovar's standing to sue based on his failure to allege that he was bringing his action as trustee of the Colspak Revocable Trust. They then moved for summary judgment on the defense and *Ms. Correa sufficiently established that Mr. Tovar had standing to sue at the inception of the underlying action because he was trustee of the Colspak Revocable Trust,* as detailed above. Accordingly, *the fact that he did not aver his authority to sue in this representative capacity in his initial and subsequent complaints, standing alone, did not deprive him of standing.*

The Daughters attempt to negate the foregoing by arguing that the fact that Mr. Tovar assigned his rights to the Colspak Revocable Trust renders the facts of this case somehow distinct. In support, they rely on case law concerning parties that have assigned their rights to third parties. The problem with that argument here is that *Mr. Tovar did not assign his rights to a wholly unrelated third party, but rather he assigned it to himself in a different capacity.* In this sense, the assignment was only a means to transfer the legal title to himself in a different capacity. *The fact remains that he, Mr. Tovar, still held these rights, only now in his capacity as trustee of the Colspak Revocable Trust. Accordingly, he still had standing to sue.*

*Id.* at 655-56 (second alteration added) (emphasis added).

Turning to the case at bar, as with Tovar in *Correa*, the plaintiffs, as the Trust's trustees, were permitted to bring the action in their own names. As rule 1.120(a) provides, they were not required to specifically allege that they were suing in their capacity as the trustees. Standing alone, the fact that they did not aver their authority to sue in this capacity did not deprive them of standing.

Once Florida Flooring raised the lack of standing defense and moved for summary judgment on the defense, Florida Flooring bore the burden of demonstrating no genuine issues of material fact existed, that is, no evidence supported that the plaintiffs had standing. *See generally Rich*, 366 So. 3d at 1118. Florida Flooring did not meet this burden. In support of the argument that the plaintiffs lacked standing, Florida Flooring pointed to the warranty deed. The warranty deed demonstrates that, in 2017, the plaintiffs had transferred the property to the plaintiffs "as

6

Trustees" of the Trust. Thus, Florida Flooring's own evidence supported that the plaintiffs were the Trust's trustees. Because trustees have standing to sue and need not allege their capacity as trustees, Florida Flooring's evidence supported that the plaintiffs had standing. Thus, Florida Flooring did not meet its summary judgment burden of demonstrating an absence of evidence to support the plaintiffs' standing. Further, because Florida Flooring did not meet its burden, the burden never shifted to the plaintiffs to prove the existence of a genuine issue of fact, so the trial court erred by granting summary judgment based on the plaintiffs' failure to meet their burden in opposition to summary judgment.

In addition to expressly evidencing that the plaintiffs were the trustees of the Trust that held the property, the warranty deed evidences that the plaintiffs were the Trust's settlors, and the Trust was revocable. Contrary to the trial court's conclusion, a revocable trust's settlors are the sole beneficiaries during their lifetimes:

> A revocable trust is a unique type of transfer . . . . Since [the settlor] is the sole beneficiary of the trust during [the settlor's] lifetime, [the settlor] has the absolute right to call the trust to an end and distribute the trust property in any way [the settlor] wishes.

*Schlossberg v. Estate of Kaporovsky*, 303 So. 3d 982, 985 (Fla. 4th DCA 2020) (alterations in original) (quoting *Fla. Nat'l Bank of Palm Beach Cty. v. Genova*, 460 So. 2d 895, 897 (Fla. 1984)). Although it is conceivable that trust language could override this legal principle, at a minimum, here, the warranty deed evidences that, as the Trust's settlors, the plaintiffs were also effectively the Trust's sole beneficiaries for their lifetimes, and status as sole beneficiaries is another avenue for standing.

In sum, the trial court erred by entering summary judgment for Florida Flooring based on lack of standing. Thus, we reverse and remand for further proceedings.

*Reversed and remanded.*

KUNTZ, C.J., and SHAW, J., concur.

*        *        *

**_Not final until disposition of timely-filed motion for rehearing._**